# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2887-16T4

IN THE MATTER OF THE
ADOPTION OF A CHILD BY
J.E.V. and D.G.V.

_____

Argued September 13, 2018 – Decided September 26, 2018

Before Judges Koblitz and Ostrer.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FA-07-0115-14.

Daniel J. Parziale argued the cause for appellant L.A. (Rutgers Law Associates, attorneys; Daniel J. Parziale, on the brief).

Matheu D. Nunn argued the cause for respondents J.E.V. and D.G.V. (Einhorn, Harris, Ascher, Barbarito & Frost, PC, attorneys; Matheu D. Nunn, of counsel and on the brief).

Francesca S. Blanco argued the cause for minor H.A.

PER CURIAM

L.A., the biological mother, appeals from the January 20, 2017 order granting petitioners' adoption application after a six-day trial. The trial was held

after a reversal and remand from our Supreme Court, which determined that an indigent parent is entitled to counsel at a contested adoption hearing. In re Adoption of a Child by J.E.V., 226 N.J. 90, 94 (2016). L.A. argues that her poverty prevented her from participating in the trial and the trial court failed to adequately take into account her extreme financial hardship when evaluating the best interest of the child. We now affirm, substantially for the reasons expressed by Presiding Family Judge David B. Katz in his forty-six page written opinion.

The child has resided with petitioners since April 2012, when she was two years old. Petitioners filed a verified petition for adoption in July 2013. After the remand following a trial at which L.A. was not afforded counsel, Judge Katz appointed counsel and ordered therapeutic visitation. L.A. appeared one time in court when visitation was discussed. She then moved to Arkansas, did not participate in any visitation, nor respond to discovery demands, nor participate with evaluations by her own or plaintiffs' experts, nor appear in person or by telephone in any pre-trial conferences or the trial itself.[1] With the exception of gifts on her third birthday, L.A. has provided no financial support for her

_____

[1] After appointing counsel, Judge Katz, who was not the initial trial judge, gave L.A. the opportunity to appear by telephone at all proceedings.

A-2887-16T4

daughter, nor made any effort to contact the child by mail or any other way since the adoption was reversed and the matter remanded for trial.

Expert testimony established that the child has bonded with petitioners, who have made extraordinary efforts to provide her with services to address her special needs. The expert opined that separation of the child from petitioners and their daughter would cause severe and enduring harm. The appointed attorney for the child urges us to affirm. Contrary to L.A.'s arguments on appeal, Judge Katz's decision that petitioners established by clear and convincing evidence that adoption is in the best interest of the child, N.J.S.A. 9:3-46, is well-supported by the record. The extent of L.A.'s poverty was not demonstrated, as she failed to participate in discovery. Her voluntary decision to move a distance away is not grounds to deprive her child of permanency.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION